```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NORTH DAKOTA
                   NORTHEASTERN DIVISION
```

UNITED STATES OF AMERICA,        )
                                 )
                  Plaintiff,     )
                                 )      Case No. 2:06-cr-127
     vs.                         )
                                 )
NORRIS JAMES LOHNES,             )
                                 )
                  Defendant.     )

## Order

Before the Court is Defendant Norris James Lohnes' Motion to Suppress (doc. #37), Motion for Independent Forensic Interview (doc. #38), Motion for Leave to Take Depositions (doc. #39), and Motion for Additional Discovery (doc. #40).  For the reasons discussed below, all the motions are **DENIED**.

**I.   Motion to Suppress**

Lohnes seeks to suppress the taped interview of the alleged victim as evidence at trial.  He argues use of the video would violate his Sixth Amendment right to confront witnesses and lacks any indicia of reliability to fall within a hearsay rule exception.  The Government has responded that the alleged victim will testify.

If the victim testifies, she may be cross examined, which resolves any confrontation clause issue.  Crawford v. Washington, 541 U.S. 36, 59-60 n.9 (2004); United States v. Wipf, 397 F.3d 677, 682 (8th Cir. 2005).  Because the Government has stated the alleged victim will testify, no confrontation issue exists.

1

Concerning hearsay, prior out-of-court statements are inadmissible and must fall within one of the hearsay exceptions. Fed. R. Evid. 802.  If the Government wishes to offer the taped interview, it must show the interview falls within one of these exceptions.  The Motion to Suppress is **DENIED AS MOOT**, but Lohnes may renew his objection at trial if needed.

**II.  Motion for Independent Forensic Interview**

Lohnes asks the Court to order the Government to make the alleged victim available for an interview by a licensed clinical psychologist to determine "the child's ability to present reliable and credible testimony."  However, a child is presumed competent, and Lohnes has not presented any compelling reason or need for the evaluation other than his wish to prepare for trial. See 18 U.S.C. § 3509(c).  His motion is **DENIED**.

**III. Motion for Leave to Take Depositions**

Lohnes seeks leave to take the depositions of two Government witnesses under Fed. R. Crim. P. 15.  However, Rule 15 only allows for deposition to preserve testimony for trial, and Lohnes admits the request is not made for that purpose.  He has presented no exceptional circumstances or other reasons in the interests of justice that would allow the depositions.  His motion is **DENIED**.

**IV. Motion for Additional Discovery**

Lohnes seeks additional discovery of prior allegations he believes one of the Government witnesses has made in cases

similar to this one.  The Government has responded that it has no knowledge of any other allegations.  Therefore, this motion is **DENIED AS MOOT**.  Lohnes may pursue this information at trial through cross examination.

    **IT IS SO ORDERED.**

    Dated this 7th day of September, 2007.

_/s/ Rodney S. Webb_
RODNEY S. WEBB  District Judge
United States District Court